May it please the court, Craig Weiner in appearing on behalf of Casey Dale Mayer. If I may, I'd like to spend the bulk of my time arguing the categorical argument that a burglary one from Oregon is not categorically either generic burglary under Taylor or is not generic, is not generic, generically qualify under the They overlap. I think they're similar. I think the first argument that it's not categorically generic burglary is strongly supported by case law of this circuit, the Grissel case, the en banc decision, because in Oregon, burglary one incorporates the overbroad definition of building that this Court said in Grissel is overbroad and does not qualify. Mr. Weinerman, am I correct? Do you read United States v. Grissel the same way I do? I'm referring specifically to footnote 8 of the majority opinion written by Judge Graber at I think it's page 851 of 488F3rd, in which I think we said we're not deciding the application of the residual clause, and that is the issue that squarely presents us here. I think so. Okay. So I'm going to move on to that issue because I think it's Okay. You're resting on your written briefs with regard to the Kirtland issue. Yes, I am. Okay. I am. Unless the Court is dying to ask me questions about that. I think you're using your time wisely. Go ahead. Okay. Very well. In reading the Oregon first-degree burglary statute, and I apologize for reading, but it's – I'm not going to say it's complex, but if you read it over and over again, there's so many ways you can commit an Oregon first-degree burglary without creating this serious potential risk of physical injury to another. First of all, you can commit it by breaking into a dwelling that is a non-structure, like a trailer, and I even – although I don't believe Grissel – getting back to Grissel – requires me to cite cases from Oregon where it has been applied to a non-structure because the text of the statute would support that. There are cases in Oregon, which I've cited in my brief, where people have been prosecuted and convicted of first-degree burglary for entering into non-structures. I think it's the McDonald case where a person was convicted of first-degree burglary for breaking and entering into a trailer, a non-structure. So that's one way you can commit, in our view, a Oregon burglary, one that does not involve that risk. We think it's conceptually different when someone burglarizes a non-structure, like a trailer, as opposed to a building. For a person who would burglarize a non-structure, like a trailer, it's going to happen much more quickly than the person who is more brazen and enters into a building, whether the building is a commercial building or a building that is a dwelling, a roof, four walls, a fireplace. It's going to happen much quicker, and it does not create that same substantial or serious potential risk of physical injury to another. But there are other ways that you can commit an Oregon first-degree burglary that does not categorically qualify under the residual clause. And again, it takes a little time to navigate the language of the statute. Mr. Weinerman, I'm looking at the definition of dwelling under Oregon Revised Statutes 164.205-2. And it seems to cabin, if I can use that term without making a pun, the definition of dwelling to those buildings which are regularly or intermittently occupied by a person lodging therein, whether or not the person is actually present. And, of course, the Congressional Act that we are dealing with is, I guess, Section 924E2B, which speaks of the or otherwise includes conduct that presents a serious potential risk of physical injury to another. Why shouldn't we look at what Congress has said in the Career Offender Act with what the Oregon legislature has said in defining the crime of first-degree burglary and conclude that what we're punishing here is conduct that presents a serious potential risk to somebody who regularly or intermittently sleeps there? Well, there are a number of issues raised by your question. First of all, it obviously covers, the Oregon definition of dwelling obviously covers a burglary of a non-structure like a vehicle that someone uses intermittently to lodge, to sleep, the person who sleeps in his VW van or his trailer, whether or not they're present. So we get into the issue that was kind of debated a little bit in Matthews, and that is a non-abandoned building, again, with that broad definition of building. So is a person, if a person is not present, and I would submit that if there's a burglary of a trailer or a VW van that's used occasionally, intermittently, it's going to be much more apparent than someone who burglarizes a structure whether the person is present or not. If a person is present, obviously it creates that risk. And I don't think anyone could argue otherwise. In other words, if a person burglarizes a non-structure and the person is present, and you're going to be able to tell before you commit that offense that someone is inside the VW van, for example. But if... Well, you might not be able to tell if it's a trailer if the curtains are pulled on the window. There may or may not be. That's the sign, I think, as someone who many years ago had a VW bus. But aren't you really arguing that under the modified categorical approach, we look to whatever it was that the defendant pled to? And if the defendant pled to conduct, which included the fact that someone was actually in the trailer at the time that he committed the burglary, then it's first degree burglary. The question, though, under the categorical approach is whether or not statutory definition is sufficient given the definition by the Oregon legislature and the congressional statement that it otherwise presents a potential risk of physical injury. It seems to me this Court, in applying the categorical approach, looks at the state statute and asks whether the elements of the offense on every occasion, all the time, would be categorically a violent felony under the residual clause. So you look at state law. You look at what the statute says. And if you look at the Oregon statute, again, getting into the definition of dwelling, it incorporates building. And we know building means non-structure. And it says that you can commit an Oregon first degree burglary if you break into or burglarize a non-structure that is intermittently occupied, but not necessarily at the time you commit the burglary. So it could be an unoccupied non-structure. And the question is, in every case, does that create that risk? Is that risky in terms of can there be serious potential injury? And our answer to that question is there's a difference between a burglary of a structure and a burglary of a non-structure. Well, let me ask the question a different way. If the charge, and maybe this gets us to the modified categorical approach, but if the charge is that the defendant entered a dwelling with the intent to commit a theft therein, wouldn't the jury be charged that the elements included a dwelling, meaning a building regularly or intermittently occupied by a person lodging therein, whether or not there was actually a person present at the time of the entry? If there was a jury trial on that issue, I suspect so. We don't know. So that would be an element of the offense. That it was a dwelling. If it's charged as a dwelling. And in this case, we know if we get to the modified categorical approach, that is how the case was charged. And again, not to avoid answering the question, we've taken the position, I think this Court's en banc decision in Vidal supports our argument that you don't get to the modified categorical approach. I think it's Jennings as well. You don't get to the modified categorical approach if the offense is missing an element. And like, I believe it was Jennings, which was an attempt to elude statute, this Court held that you could not resort to the modified categorical approach because the eluding element of the residual clause, similarly the Oregon first degree burglary statute, is missing the element of the residual clause, which is serious potential risk of physical harm to another. So I don't think we can even go to the modified categorical approach in this case. So I think it depends on what the categorical approach analysis is. And under the categorical approach, you look at the elements of the offense. You know, I've made the argument that it's not as risky to break into a structure, into a non-structure as a structure. But there are other ways that you can commit an Oregon first degree burglary that is not risky. And again, it takes some reading. Not only can you commit a first degree burglary if you enter a dwelling, you can also commit it by possessing a burglary tool in the entry into a non-structure. Because the language of the statute talks in terms of it's first degree burglary if the building is a dwelling. And then it goes on to say, in effecting entry or while in a building. So it doesn't use in the second clause the term dwelling. So we're out of the sleeping type of quarters. We're back into the non-structure vehicle. We're into the non-dwelling type of situation. And again, it would be our position that that is not categorically in every case, in every situation, a risky type of conduct. And then the third way that you can commit a burglary in Oregon is without even an entry. The last sentence of 164.2251, you can commit a burglary in Oregon if in immediate flight, therefrom, referring to the building, the person is in possession of a burglary tool. And the way I read that is that you can commit a burglary without even a first degree burglary in Oregon, without even entering either a building, whether it be a sleeping type of building, a dwelling type of building, or a commercial type of building, a structure versus non-structure. So I think if you look at all of the cases you're talking about being in flight, though, that begins to suggest the fact of a confrontation which carries the risk of violence that is really the root of all of this. You know, every – it's hard to think of any crime that does not create a risk of confrontation. I mean, a petty theft in a department. So there's always a risk. There's always a risk that a bystander is going to intervene. You know, the question is, and this gets a little into the Supreme Court's recent decision in Begay, does the title of the statute, Armed Career Criminal Act, is that just mere decoration or is that in form, you know, what we're trying to do here? And that is, you know, immobilize certain types of folks who commit – who are recidivist offenders and possess a gun. Are they more likely to pull the trigger when they're in possession of the gun? So you look back at their criminal history and you decide whether they should be immobilized for a minimum of 15 years. And it seems to me, if you look at the state law, the broad – this broad Oregon first degree burglary statute that can be committed – again, I'm getting into the categorical analysis now – that can be committed in so many different ways that does not involve risky behavior. And I would say that the risk of violent confrontation, when the Supreme Court was – it seems to me the context of that was structures, if you look at the language. Could you turn then to the modified categorical approach? Yes. Because in this case, your client had previously been charged and convicted of burglary of a dwelling. It's on page 400. Right. So given the statutory definition of dwelling and given the ACCA's definition under the or otherwise clause, why couldn't the district court conclude that in this particular case, he did engage in conduct that had a potential risk of physical injury? And we're talking now under the residual clause, I'm assuming. Under the residual clause. Yes. That's the question that was left open in Grissel, which I think is squarely presented by this case. Right. I agree. First, let's assume the Court distinguishes Jennings and Bedell and says we can't get to it, that an Oregon burglary is not missing an element that is the residual clause, so we can then look at what the government has submitted and determine whether in this case he committed generically an offense that qualifies under the residual clause. I would say there's a number of reasons why the government has not met their burden of clearly establishing that. First of all, they've submitted a charging document which talks in terms of building to wit a dwelling located at 655 Brentwood Eagle Point. That is precisely the McDonald case, which I've cited in my brief, the Oregon case. We do not know whether the dwelling that this charging document refers to is the trailer parked in the driveway that was broken into. Well, we know how dwelling is defined by statute. So the statute says it has to be a place where a person regularly or intermittently resides. Dwelling means a building which, according to Oregon statute, the text of the statute includes any booth, vehicle, boat, or aircraft. So dwelling means a building which is intermittently used, not necessarily on the exact occasion when the burglary occurred, used whether the person is actually present or not. So all this indictment on page 401 of the excerpt tells us is that there was a building that could have been a trailer that was a dwelling, so someone may intermittently sleep there from time to time, maybe not present at the time, located at the address, parked in front. But beyond that, even if you find that this charging document categorically states a residual clause type of offense, we do not have another document that tells us that he was convicted of that offense of those specific factual allegations. Well, we can look to the charging document, which charges the burglary of a dwelling and gives a residence address. So we know it wasn't a trailer, and we know it wasn't a boat. It had to have been a structure with a physical address, okay? That's charged in the indictment. And then he pled guilty to it. And then I look at the statute. I don't know what more I need in order to conclude under the modified categorical approach that he pled guilty to a crime which, under the federal definition residual clause, poses a serious potential risk of physical injury to another. Our response is absent a judgment that says he was convicted as charged in the indictment, which we believe Vidal requires, absent a plea petition in which the defendant admitted the precise conduct in the indictment, absent a plea agreement, transcript of the plea, if you look at all of the cases that this Court has decided on the modified categorical approach, in order to establish, clearly establish, which is the government's burden, that he was convicted of all of the allegations in the indictment, you need a judgment that says as charged in, that's what Vidal says, or if you don't have that, which the government doesn't have in this case, you need something that shows that the defendant admitted every fact in this charging document, which the government did not submit. In the excerpt are the two documents the government submitted under the modified categorical approach, the indictment and the judgment. So even if you disagree with me that the indictment sets out the elements of a residual clause type of offense, the judgment does not tell us, does not clearly establish that he was convicted of every allegation in that indictment because the government did not submit a plea transcript. I have about a minute, 45, and you want to save it. I unless the court has another. No, I think actually it's a good place to stop. All right. And we'll let opposing counsel, Mr. Papagani, could you answer the question? Why isn't that enough? It pleases the Court. I'm Frank Papagni. I'm the prosecutor in this case at a trial level. Mr. Weinerman is focused upon his clients being sentenced in ACC, and Judge Aiken made the decision that the residual clause was the basis that she was going to find that he was in ACC. I want to correct one thing in my brief. It's probably an example of what we deal with in these type of cases. In my summary of argument, I say the defendant pled guilty. The record doesn't show that. All it says is he was convicted of burglary in the first degree. It could have been a jury trial. Could have been a jury trial. It could have been. I can't look with the record I can give you under Shepard and tell you, I mean, that's the problem and the mistake in my brief is that I'm not allowed to look at certain documents, nor is the court. So moving beyond that, whether or not the probation officer or some other document you can't consider said he pled guilty, we have to assume he was simply convicted of burglary in the first degree as indicated in judgment order. Does that help or hinder the government's argument? I don't think it really makes that much difference, and I'll tell you why. You have a charging document, and in the lie case, Judge Kaczynski mentioned in his concurrent opinion, he cites Taylor, and Taylor says, does the charging document, does the jury necessarily or actually have to find the elements of the offense? In other words, do you actually have to have the findings, or is it something that is a prerequisite in order for the person to be convicted of burglary in the first degree? And that gets us back to where the court was asking questions. Mr. Weinerman, somewhat similar to what Judge Aiken asked us when we were arguing before her. Now, let's start off with the fact that the categorical approach, the way we do our cases is the court looks at the categorical, modified categorical, and then residual clause. We haven't looked much at the residual clause until the James decision came down. Normally, before then, it was either categorical, modified categorical, and the otherwise clause was pretty well limited by the Alvarez case and the Parker case. So, what do we look at? Well, Judge Aiken went to James. She didn't buy my arguments on categorical, which is probably good she didn't. Hunt probably doesn't have much validity now that Griselle has pretty well undermined it. She didn't go to the modified categorical and go through the analysis of whether or not these documents are adequate or inadequate. If you look at her findings, she doesn't even go there. She goes strictly, if you will, to the bottom line with the residual clause in James. And James is different. In fact, with Begay, we've now got two things the Supreme Court have given us. James says the proper inquiry is whether the conduct encompassed by the elements of the offense in the ordinary case present a serious potential risk of injury to another. 127, Supreme Court at 1597. Now, that gets us to what we're looking at, which is a little different than Griselle. Some members of this Court sat on the Griselle case. And there we looked at the nature of the structure, which is what you do under the categorical approach under Taylor. So the Supreme Court has given us a little change here with James, because that's the proper inquiry. Well, then what do we have? Well, recently, just a few weeks ago, in Begay, they said, okay, now what type of crimes are we going to consider? Well, in Begay, it was a DUII, and the Court said, well, sure, DUIIs can cause injury to people, serious injury to people. There's a potential there. But Judge Ginsburg, Justice Ginsburg, in that particular case said, well, we look to the enumerated crimes. Well, one of the enumerated crimes is what? It's burglary. In that instance, then we look back to James. James gave us a hint what Begay was going to say. He gave us a hint because at 127, Supreme Court 194, quote, the government remains free to argue that any offense, including offenses similar to generic burglary. Members of the Court, the government submits to you that the Oregon burglary of a dwelling is similar to generic burglary. We can't say because of Griselle, the buildings count, but we can say that's the type of offense that we can argue under the residual clause because they told us we could under James. It goes on to say, it says, offenses similar to generic burglary should count towards enhancement as one of the otherwise involved conduct that presents a serious potential risk of physical injury to another under the designated clause. So James gave us the hint, which gave me the argument before Judge Aikman, which gave Judge Aikman the bottom line that said, in Mr. Mair's case, I'm looking at the fact he's convicted of burglary in the first degree. Whether by plea or jury verdict, we don't know. Documents that Mr. Papagni could provide us, that I could provide her, did not have the plea petition. There's some discussion about why we couldn't provide it with costs and things of that nature, which is irrelevant to our discussion, but she talked about that. And then we have the charging document. And if you look at the judgment order, although it says defense convicted of burglary in the first degree, the case number is very specific as to this particular defendant. He was designated the C defendant. And sure enough, it refers exactly to the same indictment. Now, is that proof beyond a reasonable doubt? Absolutely not. But is it clearly or unequivocally established that was the offense he was convicted of? Sure. Under Bonet, if it necessarily says that qualifies, then you can rely upon that. But that's a decision for this Court to look at and decide under the case authority. I'm submitting to you under the modified categorical approach. We win then, too. But we don't need to with the residual clause. And Judge Aikman didn't go there. The residual clause says, is this the type of conduct? Is the burglary of a dwelling? Is the burglary of a home in Oregon unlawful entry and remaining into a dwelling, a place that's occupied by people that are spending a night or residing intermediately overnight? Now, Mr. Weinman wants to make a technical argument, and that's fine. That's part of the Burglary I statute under Warner. But it doesn't say possessions burglary tools. It says armed with a burglary tool. A minor change. He used the word possession. I like the word armed. Sounds better. But the bottom line is the rest of the statute also talks about deadly weapon, talks about confrontation. If you look at my brief, it says causes or attempts to cause physical injury to any person, uses or threatens use of a dangerous weapon, or a deadly weapon besides a burglary tool or a theft device. Judge Aikman kind of jokes about when she was a state court judge about all the burglary tool cases in front of her. But if you look overall at what this case boils down to is what? If an attempted burglary in Florida qualifies under the otherwise clause, how does not the Oregon burglary in the first degree of a dwelling not also qualify as one of the enumerated examples that was referred to in James and gave us the notice, yeah, we'll consider this. And under Begay specifically says burglary is the type of crimes we can look at if they're not covered under the generic definition provided to us by Taylor. Now, that's the argument I prepared for you, gentlemen. If you have any questions, I'll entertain them. Thank you. Thank you. Begay talks in terms of whether the offense is similar both in kind and degree of risk as the listed offenses. Obviously, so the question is, is a non-generic burglary, which we say an Oregon burglary is, is that similar as a burglary, a generic burglary? One might answer that question, yes. But as far as degree of risk, that goes back to the argument I've made earlier, that in this broad definition of building, and again, the government uses dwelling and, you know, when we think of But the charging document uses dwelling. And if And building. Well, but in this case, it says dwelling. And we know what the definition of dwelling is. And then I look at James, and the Supreme Court tells us that the proper inquiry is whether the conduct encompassed by the elements of the offense, which in this case is a dwelling, in the ordinary case presents a serious potential risk of injury to another. If that's the proper inquiry, the answer to that question is yes, is it not? No, I disagree. Because again, the court is reading into the use of the term, you know, dwelling, a structure and, and you cannot tell. I'm reading into the use of the term dwelling, the Oregon legislature's definition of dwelling. And I'm looking at the congressional definition under the residual clause, and I'm applying the proper inquiry that the Supreme Court tells me I must apply in James. And I conclude after doing all of that, that the answer is yes, it poses a serious potential risk of injury. Why is Judge Aiken wrong in so concluding? Well, I would ask the court to not only look at the definition of, of dwelling, but I also, also ask the court to look at the fact that the definition of dwelling in Oregon incorporates the definition of building. This court held in Grassell that it is overbroad. This court held in Grassell that it encompasses non-structures. You can also commit an Oregon. But we left open in Grassell the specific question that I keep posing to you that, that I can understand why it's difficult to answer. Because the answer seems to be that as it's charged in this case, it did present a serious potential risk of injury. And he was appropriately enhanced because of it. And, and I know my time is up, but you know, I'll end with, and again, the court is kind of blending and I know we, it's easy to do this, the modified and, and categorical approach. But I think if you break each one of them down categorically, the definition of dwelling is too broad. And if you look at the charging document in this case, it does not tell us that he was convicted. If you look at the judgment, we have nothing but a judgment in the diamond that doesn't tell us that he was convicted of a residual clause type of violence. Do you think James changed anything? And the government appears to suggest that James says, and James does talk about, let's not get too overboard with categorical every possibility. James uses language in the ordinary case. And it also uses the term categorical. And so I, I don't know, I, I don't think James changed anything. And one of the, and maybe this is the last thing I'll get to say, an argument I haven't made. I'm, I'm not sure that James necessarily overruled this Court's decision in, in Fish and Wenner and Matthews, the statutory construction argument, that why, if, if every burglary, whether it's non-generic or generic, if it qualifies, why did Congress mention the list of defenses? Why wouldn't everything qualify under the residual clause? And I think Judge Clifton spoke to that a bit in Fish, which wasn't a burglary, it was a use of explosive cases. But it seems to me those line of cases are, are still good. And our argument would be we don't even get to that argument because by, if it doesn't qualify as burglary under the list of defenses in the definition of violent felony, it doesn't qualify under the residual clause. Thank you. Thank you. Thank you, counsel. The case just argued will be submitted. The last case on the calendar, Hooley v. Brown, is submitted on the briefs, and we'll be in recess.
judges: Tallman, Clifton, Smith